**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| TONYA HARMASON | CIVIL ACTION |
| VERSUS | |
| GERALD LANE, ET AL. | NO.: 12-00530-BAJ-SCR |

## RULING AND ORDER

Before the Court is **Defendants' Motion for Summary Judgment (Doc. 53)**, filed by Defendants Gerry Lane Enterprises, Inc. and Eric Lane[1] (collectively "Defendants"), seeking an order from this Court granting summary judgment, pursuant to Federal Rule of Civil Procedure 56, and dismissing Plaintiff Tonya Harmason's claims.[2] Harmason opposes the motion. (Doc. 56.) Defendants filed a reply memorandum. (Doc. 65.) Oral argument is not necessary. Jurisdiction is proper, pursuant to 28 U.S.C. § 1331.

In support of the motion, Defendants argue that Harmason is precluded from alleging federal or state law discrimination claims against individual supervisors, i.e. Gerald R. Lane. Defendants further argue that Harmason cannot point to sufficient

---

[1] Defendant Eric Lane is named as a Defendant in his capacity as the Representative of the Succession of Gerald R. Lane. (Doc. 50.)

[2] Defendants Chubb Insurance Company and Federal Insurance Company did not join Defendants Gerry Lane Enterprises, Inc. and Eric Lane; nor did Defendants Chubb Insurance Company and Federal Insurance Company file a separate motion for summary judgment.

evidence to establish her discrimination claims on the basis of her national origin, race, or sex. Defendants also contend that Harmason cannot point to sufficient evidence to establish her state law intentional infliction of emotional distress, battery, or unpaid wages claims.

The Local Rules of the United States District Court for the Middle District of Louisiana require a party opposing a motion to file a memorandum in opposition within twenty-one days of the motion. L.R. 7.4. Here, Defendants filed their motion for summary judgment on March 3, 2014. (Doc. 53.) Thus, Harmason's deadline to file a memorandum in opposition was March 24, 2014.

Harmason did not file a memorandum in opposition by the deadline. Instead, she filed a one-page opposition on June 23, 2014, ninety-one days *after* the deadline. (Doc. 56.) Harmason did not seek leave of Court to file an out-of-time opposition; nor did she attempt to explain why she failed to file her opposition by the deadline. As such, Harmason's opposition is untimely and shall not be considered by the Court.

Further, even if the Court were to consider Harmason's grossly untimely opposition, such opposition does not meet the requirements set out in the Local Rules of this Court. As noted, in opposition to Defendants' motion for summary judgment, Harmason filed a one-page document entitled, "Plaintiff Tonya Harmason['s] Opposition to Defendants['] Motion for Summary Judgement." (Doc. 56.) In her one-page opposition, Harmason contends that Defendants motion should be denied because:

1. Plaintiff has established a hostile work environment [*sic*];

2. Plaintiff was unlawfully discriminated against because of her sex, female, and race, African American [*sic*];

3. Plaintiff was assaulted, battered and emotionally distressed by Defendants; [and]

4. Plaintiff was denied the opportunity to earn wages.

Doc. 56. However, Harmason failed to submit a memorandum in support of her opposition, in contravention of the Local Rules of this Court. *See* L.R. 7.4. Further, Harmason failed to submit a statement of the material facts as to which there exits a genuine issue to be tried, in contravention of the Local Rules of this Court. *See* L.R. 56.2.

Additionally, Harmason failed to point to any evidence in the record to establish genuine disputes of material fact as to her claims. As a result of her failure, the Court is left to conduct its analysis based solely on the general allegations made in Harmason's complaint and the conclusory statements made in her one-page opposition to Defendants' motion for summary judgment.

It is axiomatic that general allegations and conclusory statements are insufficient to defeat summary judgment. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (holding that even at the summary judgment stage, the court will not "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts"); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (requiring the nonmoving party to present affirmative evidence to defeat a properly supported motion for summary judgment). Indeed, Federal Rule of Civil Procedure 56 mandates that summary judgment be entered against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Liquid Air Corp.*, 37 F.3d at 1075.

In sum, Harmason's opposition is grossly untimely, and thus, shall not be considered by the Court. Further, even if the Court were to consider Harmason's untimely opposition, such opposition is wholly inadequate to defeat summary judgment.

Accordingly,

**IT IS ORDERED** that Defendants Gerry Lane Enterprises, Inc. and Eric Lane's **Motion for Summary Judgment (Doc. 53)** is **GRANTED IN PART** and **DENIED IN PART**.[3]

- Defendants' request that the Court dismiss Harmason's federal and state law discrimination claims against Gerald R. Lane, or any other individual supervisor or fellow employee, is **GRANTED**.[4] Accordingly, Harmason's federal and state law discrimination claims against Gerald R. Lane, or any other individual supervisor or fellow employee, are **DISMISSED**.

---

[3] Employment discrimination claims under Title VII, 42 U.S.C. § 1981, and the Louisiana Employment Discrimination Law are analyzed under the same standard. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316 (5th Cir. 2004); *Turner v. Kan. City Southern Ry. Co.*, 675 F.3d 887, 891 (5th Cir. 2012); *Knapper v. Hibernia Nat'l Bank*, 49 So. 3d 898, 902 n.11 (La. Ct. App. 2010). Accordingly, the Court's ruling and order shall apply to Harmason's claims under Title VII, 42 U.S.C. § 1981, and the Louisiana Employment Discrimination Law.

[4] The Court notes that Harmason failed to present any argument or point to any evidence in opposition to Defendants' request. Further, it is well established that relief under federal and state law discrimination law is only available against an employer, and not against an individual supervisor or fellow employee. *Umoren v. Plano Indep. Sch. Dist.*, 457 F. Appx. 422, 425 (5th Cir. 2012); *Mitchell v. Tracer Construction Co., et al.*, 256 F. Supp. 2d 520, 525 (M.D. La. 2003); *see also* La. R.S. 23:303(A).

- Defendants' request that the Court dismiss Harmason's claim that she was subjected to a hostile work environment on the basis of her national origin is **GRANTED**.[5] Accordingly, Harmason's hostile work environment claim on the basis of her national origin is **DISMISSED**.

- Defendants' request that the Court dismiss Harmason's claim that she was subjected to a hostile work environment on the basis of her race is **GRANTED**. Accordingly, Harmason's hostile work environment claim on the basis of her race is **DISMISSED**.

- Defendants' request that the Court dismiss Harmason's claim that she was subjected to a hostile work environment on the basis of her sex is **GRANTED**. Accordingly, Harmason's hostile work environment claim on the basis of her sex is **DISMISSED**.

- Defendants' request that the Court dismiss Harmason's claim that she was unlawfully terminated on the basis of her race is **GRANTED**. Accordingly, Harmason's discriminatory discharge claim on the basis of her race is **DISMISSED**.

- Defendants' request that the Court dismiss Harmason's claim that she was unlawfully terminated on the basis of her sex is **GRANTED**. Accordingly, Harmason's discriminatory discharge claim on the basis of her sex is **DISMISSED**.

---

[5] The Court notes that Harmason failed to present any argument or point to any evidence in opposition to Defendants' request.

- Defendants' request that the Court dismiss Harmason's state law battery and intentional infliction of emotional distress claims, as well as her claim under La. R.S. § 23:631 is **DENIED**.
- In the absence of a surviving federal claim, and in the interest of fairness to all parties involved and judicial economy, the Court **DECLINES** to exercise jurisdiction over Harmason's remaining state law claims. *See Enochs v. Lampasas Cty.*, 641 F.3d 155, 161 (5th Cir. 2011); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted) (the "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial.")

*Counsel for Plaintiff Tonya Harmason is admonished for her failure to comply with the Local Rules of this Court. Counsel is reminded of her obligation to familiarize herself with the Local Rules of the United States District Court for the Middle District of Louisiana, and to file pleadings that comply with such Rules. See L.R. 83.2.8.*

Baton Rouge, Louisiana, this 3rd day of November, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**